UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joe Larke Williams, #266611, | ) | C/A No.: 5:14-cv-04389-JMC-KDW |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| | ) | |
| Larry Cartledge, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Joe Larke Williams ("Petitioner") is a state prisoner who filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 20, 21. On March 16, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 22. Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment on June 22, 2015. ECF No. 31. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 20, be granted.

I.    Background

Petitioner is currently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In January 2007, Petitioner was indicted by an Aiken County Grand Jury for distribution of cocaine base (crack cocaine) within proximity of a

school (2009-GS-02-2008) and distribution of cocaine base (crack cocaine) (2009-GS-02-2009). App. 106–09.[1] On January 12, 2010, Petitioner pleaded guilty to the charges before the Honorable Doyet A. Early, III. App. 1-20. Attorney N. Staples Wood represented Petitioner, and Assistant Solicitor Elizabeth B. Young appeared on behalf of the State. App. 1. Petitioner entered his plea as part of a negotiated plea, and the State agreed to a 20-year sentence for both charges—20 years for the lesser included offense of a second offense distribution of crack cocaine (though the indictment was for a third offense) and 15 years for distribution within proximity of a school. App. 5. Judge Early ordered Petitioner to serve concurrent sentences. App. 5, 20.

## II.    Procedural History

On January 19, 2010, plea counsel Wood filed a Notice of Intent to Appeal on Petitioner's behalf. ECF No. 21-2. Thereafter, in a letter dated February 10, 2010, plea counsel Wood sent a letter to the South Carolina Court of Appeals and indicated that Petitioner "was influenced to plead guilty, in part, by the stated intentions and motivations of the confidential informant." *Id.* Further, plea counsel Wood indicated that Petitioner "now has reason to believe that the confidential informant was arrested for stealing meat from the 'Save a Lot' grocery store [and] in return for testimony against [Petitioner] it was agreed that all possible charges against the confidential informant would not be pursued." *Id.* On February 22, 2010, the South Carolina Court of Appeals issued an order dismissing Petitioner's appeal because Petitioner failed to show that he asked the trial court to vacate his plea, and "therefore, the issue [was] not preserved for appeal." ECF No. 21-4. On March 16, 2010, the court of appeals issued the Remittitur. ECF No. 21-5.

---

[1] Citations to "App." refer to the Appendix for Petitioner's plea transcript and Post-Conviction Relief Proceeding documents. That appendix is available at ECF No. 21-1 in this habeas matter.

On October 20, 2010, Petitioner filed an Application for Post-Conviction Relief ("PCR") alleging ineffective assistance of plea counsel and involuntary guilty plea. App. 22-34. In an attachment to his Application, Petitioner raised the following issues, verbatim:

I.     Counsel was ineffective in failing to object to the use of an invalid prior charge for enhancement purpose.

II.    Counsel fail to inform the applicant as to the lesser included charge of simple possession based on the less than one gram of cocaine base in evidence, as being a jury option.

III.   Failure to object to illegal sentence.

IV.    Counsel was ineffective in failing to object to a sentence imposed by the court which exceed the maximum authorized by law.

App. 29-33. On December 16, 2010, the State filed a Return and requested an evidentiary hearing on Petitioner's ineffective assistance of counsel claim and voluntariness of the plea. App. 35-39. An evidentiary hearing was conducted before the Honorable James R. Barber, III, on July 15, 2011. App. 41-89. Petitioner was present and represented by Attorney Jeffrey R. Moorehead, and Assistant Attorney General Rob D. Corney represented the State. *Id.* Petitioner, Petitioner's mother Wanda Williams, and his plea attorney N. Staples Wood testified at the hearing. *Id.*

In an Order filed September 1, 2011, the PCR court denied Petitioner's PCR Application in full, making the following summary of evidence and findings of fact and conclusions of law:

This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. §17-27-80 (1985).

### Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.1(e), SCRCP). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v.

Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80-L.Ed.2d 674, 692 (1984); Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, Id. The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at l17, 385 S.E.2d at 625 (citing Strickland, supra). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland). With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985).

*Failure to Object to Use of Prior Conviction For Enhancement of Sentence*

Applicant has alleged counsel was ineffective for failing to object to the State using prior charges to enhance his Distribution of Cocaine Base charge to a third offense. Namely, Applicant alleges that during the plea hearing, the solicitor stated Applicant had a prior drug charge from 2004 that Applicant alleges could not be on his record as he was incarcerated in 2004 when the charge occurred. This misstatement was brought to the Court's attention immediately by plea counsel on the record. Additionally, this misstatement did not affect the charges Applicant plead to as Applicant testified at the PCR that he did in fact have a prior conviction for distribution of crack within proximity of a school or park in 2000, as well as a possession of marijuana with intent to distribute charge from 2005. Applicant also testified that as part of the plea negotiations in this case, the solicitor agreed to *nolle prosse* two (2) pending drug distribution charges. Based on these facts, this Court finds that Applicant's allegation involving improper use of prior convictions for enhancement purposes is without merit. Including the distribution charge which Applicant pled to here (2010-GS-02-2009), Applicant has a total of four (4) total drug charges that could have been brought before the court for enhancement purposes. Applicant ultimately pled to this drug charge as a second offense, which was a generous plea deal considering Applicant could have been facing life without parole under the "three strike" rule in South Carolina. Therefore, the Court finds there was no objection to be made by plea counsel in this regard as there were more than sufficient prior drug charges to enhance Applicant's charge to at least a second offense.

*Failure to Advise of Lesser Included Sentence*

Applicant has also alleged that counsel was ineffective for failing to advise Applicant of the possibility of the lesser included offense of simple possession of crack, as the amount Applicant sold was less than one gram. Counsel testified at the PCR hearing that he thoroughly investigated the lesser offense as well as had several discussions with Applicant about the potential of seeking a lesser offense, both through a plea and at trial. Counsel articulated that after speaking with the prosecutor on the case several times regarding the possibility of pleading to a lesser offense, the solicitor's office made it clear that they would not offer a plea to "simple possession" for Applicant. Further, counsel testified that based on his review of the State's discovery, it was very unlikely that any jury would buy into a lesser charge of simple possession. According to counsel's testimony, there was a videotape of the controlled drug purchase in which the camera clearly shot Applicant holding a gun in one hand and a bag of what appeared to be crack in the other, at which time he undertook selling the crack to the confidential informant. Counsel testified that he had reviewed what was on the tape with Applicant during his meetings with him, as well as provided Applicant with still-shots from the videotape, and discussed the likelihood that a jury would not buy into a lesser included offense based on that videotape. Finally, counsel testified it was in fact Applicant's ultimate decision whether or not to enter this plea for the negotiated sentence, which Applicant made the voluntary and knowing decision to do based on the evidence against him, his prior criminal history and potential sentences he was facing.

Upon resting their case at the PCR hearing, the Court inquired into Applicant's prior drug convictions at which time Applicant and PCR counsel conceded Applicant's prior record, including a 2000 distribution of crack charge, a 2005 possession of marijuana with intent to distribute charge, the charge pled to here, as well as two additional distribution charges that were dropped by the solicitor. Based on these facts, this Court finds that not only did plea counsel fully investigate the possibility of a lesser offense, but he did his best to negotiate the best plea offer possible for Applicant based on the circumstances, kept Applicant informed of all possible plea deals and trial strategies available, and gave the Applicant all the information necessary for him to make a knowing and voluntary decision whether to enter this plea. Ultimately, Applicant made the decision that it was in his best interest to enter this plea to a second drug offense with full knowledge of the negotiated sentence that would be imposed.

*Failure to Object to Illegal Sentence*

Applicant finally alleges counsel was ineffective for failing to object to what he calls an "illegal sentence" imposed by the plea court. This Court finds that this allegation is also without merit. Based on the testimony of Applicant and plea counsel, Applicant was fully advised by both counsel and the court of the maximum and minimum sentences he was facing based on the charges. Additionally, Applicant entered his plea under a negotiated sentence which he fully knew the conditions of. Under S.C. Code § 44-53-375(B)(2), the penalty for distribution of cocaine base (crack), second offense is "not less than five years nor

more than thirty years, or fined not more than fifty thousand dollars, or both." All sentences recited to Applicant on the plea record, as well as the sentences imposed as part of the negotiated sentence, are within the limits provided for by law and therefore are not illegal sentences. "A sentence is not excessive if within statutory limitations and not the result of partiality, prejudice or corrupt motive." Cummings v. State, 274 S.C. 26, 260 S.E.2d 187 (1979). The Court finds no deficiency in representation on plea counsel's part in regards to objecting to an illegal sentence.

## CONCLUSION

The Court finds Applicant has failed to carry his burden in proving ineffective assistance of counsel based on the Strickland v. Washington two-prong test. Applicant got the benefit of the bargain for which he pled after being afforded full, competent assistance of plea counsel. Counsel acted reasonably based on professional norms at all times during his representation of Applicant and Applicant has failed to present any evidence to the contrary. Based on the record and the facts adduced at the PCR hearing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

This Court advises Applicant that he must file a notice of intent to appeal within thirty (30) days from the receipt of this Order to secure the appropriate appellate review. His attention is also directed to South Carolina Appellate Court Rule 243 for appropriate procedures after notice has been timely filed.

**IT IS THEREFORE ORDERED:**

1. That the application for post conviction relief be dismissed with prejudice;

2. That the Applicant must be remanded to the custody of Respondent.

App. 91-96. Subsequently, PCR counsel filed a Rule 59(e) motion on September 12, 2011. App.

98-99. There, Petitioner argued the PCR court's order should be modified as follows:

A. The original trial court did not have subject matter jurisdiction to accept Plaintiff's plea as he was improperly indicted. Plaintiff challenges the indictment's sufficiency, alleging that trial counsel failed to properly move to quash the indictment in accordance with SC Code of Laws § 17-19-90. A claim of this nature is not subject to the procedural bar in the Uniform Post-Conviction Relief Procedure Act, notably the statute of limitations and successiveness (SC Code § 17-27-45 and § 17-27-90). Further, that Plaintiff can raise this issue at anytime. (See Brown v. State, 343 S.C. 342, 540 S.E.2d 846 (2001).

> B. Plaintiff also alleges Interception of Wire, Electronic or Oral Communication, SC Code of Laws § 17-30-10. In Plaintiff's Brady motion, the Attorney General's office nor a Judge of any Court signed any documents for the sheriff's office or the solicitor's office to send a C/I into the residence wearing any kind of electronic device. No production of any paperwork was made by the sheriff's office, the solicitor's office, or the Attorney General's office in Plaintiff's Brady motion.

*Id.* On September 15, 2011, the State filed a Return to the Motion to Alter or Amend a Judgment pursuant to Rule 59(e), SCRCP. App. 101–03. On September 19, 2011, Judge Barber issued an order denying Petitioner's Rule 59(e) Motion. App. 105.

Petitioner filed a pro se Notice of Appeal on January 18, 2013. ECF No. 21-6. On appeal, Petitioner was represented by Wanda H. Carter, Deputy Chief Appellate Defender with the South Carolina Commission on Indigent Defense. ECF No. 21-7. In a Petition for Writ of Certiorari, Attorney Carter presented one claim, which quoted verbatim was:

> Trial counsel erred in failing to request that the incorrect prior conviction listed on petitioner's rap sheet that was presented to the trial judge be stricken from the record because such a motion would have ensured that this misinformation would not have been considered as a factor by the trial judge at sentencing.

*Id.* at 2. Assistant Attorney General Daniel Gourley filed a Return to the Petition on behalf of the State on February 3, 2014. App. 21-8. In an order dated September 24, 2014, the Supreme Court of South Carolina denied the petition, App. 21-9, and the court issued a remittitur on October 10, 2014. App. 21-10.

Petitioner filed a second PCR application on December 11, 2013. ECF No. 21-11. There, Petitioner raised the following claims:

> (a) Ineffectively [sic] Assistance of counsel 2010-cp-02-01470
> (b) Involuntary Guilty Plea
> (c) See Attachment also

*Id.* at 3. In the attachment to his PCR application, Petitioner indicated that he needed counsel appointed "to ensure that all available grounds for relief [] are included in the application and

shall be amended if necessary." *Id.* at 8. Assistant Attorney General Daniel Gourley filed a Return and Motion to Dismiss on April 1, 2014, and argued the application was successive and time-barred. ECF No. 21-12. On April 3, 2014, Judge Doyet A. Early, III, issued a conditional order of dismissal that was filed April 10, 2014. ECF No. 21-13. There, Judge Early made the following findings of fact and conclusions of law:

> This Court finds that the Applicant's allegations are without merit. This Court finds that the current application for post-conviction relief must be summarily dismissed because it is successive to his prior application for post-conviction relief. S.C. Code Ann. § 17-27-90 provides that:
>
>> All grounds for relief available to an application under this chapter must be raised in his original, supplemental or amended Application. Any ground finally adjudicated or not so raised, knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding Applicant has taken to secure relief, may not be the basis for a subsequent Application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended Application.
>
> Successive applications are disfavored and the burden is on Applicant to establish that any new ground raised in a subsequent application could not have been raised by him in a previous application. Foxworth v. State, 275 S.C. 615, 274 S.E.2d 415 (1981); Aice v. State, 305 S.C. 448, 409 S.E.2d 392 (1991); Arnold v. State/Plath v. State, 309 S.C. 157, 420 S.E.2d 834 (1992).
>
> This Court finds that the current allegations were or could have been raised in the proceedings based on Applicant's prior application for post-conviction relief and thus the current application is successive and barred under S.C. Code § 17-27-90. Applicant has failed to establish sufficient reason why he could not have raised his current allegations in his previous application for post-conviction relief; therefore, he has failed to meet the burden imposed upon him. Land v. State, 274 S.C. 243, 262 S.E.2d 735 (1980); Aice, 305 S.C. 448, 409 S.E.2d 392; Arnold v. State/Plath v. State, 309 S.C. 157, 420 S.E.2d 834.
>
> This Court finds further, that this Application for Post-Conviction Relief should also be summarily dismissed for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. §17-27-10 to -160. S.C. Code Ann. §17-27-45(a) reads as follows:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.
>
> The South Carolina Supreme Court has held that the statute of limitations shall apply to all applications filed after July 1, 1996. Peloquin v. State, 321 S.C. 468, 469 S.E.2d 606 (1996). The Applicant was convicted of the offenses he challenges in this Application on January 12, 2010. This application was filed on December 11, 2013 well beyond the one year statutory filing period had expired.
>
> A motion for summary judgment may properly be used to raise the defense of statute of limitations. McDonnell v. Consolidated School District of Aiken, 315 S.C. 487, 445 S.E.2d 638 (1994). In addition, S.C. Code Ann. § 17-27-70(c) (1985) authorizes the Court to "grant a motion by either party for summary disposition of [an] application when it appears from the pleadings ... that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Therefore, this Court finds that the application for post-conviction relief is summarily dismissed for failure to file within the time mandated by statute and for being successive.

Id. at 3-4. Thereafter, Petitioner filed an Objection to the Conditional Order of Dismissal. ECF No. 21-14, and on August 11, 2014, Judge Perry M. Buckner issued a Final Order of Dismissal that was filed on August 21, 2014, ECF No. 21-15. This habeas Petition followed on November 7, 2014.[2] ECF No. 1-2.

III.     Discussion

A. Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE:  Ineffective assistance of trial counsel
>                         Involuntary Guilty Plea.
>
> Supporting Facts:  I was denied due process of Law and equal protection when Trial counsel erred by failing to request that the incorrect prior conviction listed

---

[2] The habeas pleading date is the date Petitioner delivered his federal habeas petition to prison authorities. See ECF No. 1-2 at 1; see Houston v. Lack, 487 U.S. 266, 270–71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

on petitioner's rap sheet that was presented to the Trial Judge be stricken from the Record because such a Motion Would have ensured That This misinformation would not have been considered as a Factor by The Trial Judge at sentencing. ECF No. 1 at 6.

GROUND TWO:  The Trial Court Lacked Subject Matter Jurisdiction To accept petitioner's plea of guilty.
Supporting Facts: Subject Matter Jursidiction May not be Waived and may be Raised at any Time. even Though Petitioner pleaded guilty. The Trial Court was without jurisdiction to accept his plea because the charge to which he plead had never been presented to the Grand Jury, Further the charge in the Warrant/indictment could not be waived; lack of jurisdiction may be Raised at any Time. petitioner never waived presentment of indictment to Grand Jury, and his plea to the charge was not a Lesser included offense of the crime charged in The indictment. *Id.* at 8.

GROUND THREE: The Court Lacked Subject Matter Jurisdiction to accept petitioner's Guilty Plea
Supporting Facts:  I never waive presentment by a Grand Jury, and my plea was not a Lesser included offense of the crime charged in the indictment, and The Charge I pleaded guilty To was not charged by the Grand Jury. *Id.* at 9.

GROUND FOUR:  Trial Counsel was ineffective For Failing To move For a Motion to Suppress evidence sized by illegal use of electronic survellance.
Supporting Facts:  The attorney General, SLed, and neither police applied for a order for electronic surveillance, meaning That The evidence used was Tainted and Fruits of a poisonous Tree, and There was no probable cause For The search incident, but Counsel Failed to Conduct a proper pre-trial investigation because if Counsel had did so he would had filed For a motion to Suppress the illegally seized evidence. *Id.* at 11.

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 323 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

        C.        Habeas Corpus Standard of Review

        1.        Generally

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court

of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 397-98 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)      (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

12

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR.  State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).  If the PCR court fails to address a claim as is required by section 17-27-80 of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C.

2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a

direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply.  *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### D. Analysis

#### 1. Procedurally-Barred Grounds

Respondent contends that "Petitioner's Ground One has been preserved for the Court's review as the ground was raised to and ruled upon by the PCR court and was also raised in Petitioner's PCR appeal." ECF No. 21 at 13. However, Respondent maintains that Petitioner's remaining Grounds "have all been procedurally defaulted [because] Petitioner first raised these claims in a Rule 59(e) motion though he did not present any evidence or argument on these issues at the PCR hearing." *Id.* at 13-14. Further, Respondent contends that Grounds Two, Three, and Four were not raised in Petitioner's PCR appeal, which was a merits review. *Id.* at 14. In his Response, Petitioner does not address Respondent's argument that Grounds Two, Three, and

Four are procedurally barred. However, in his Petitioner, he argues that PCR Counsel failed to raise these issues and cites to *Martinez v. Ryan*, 566 U.S. 1 (2012). ECF No. 1 at 8-11.

In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court reviewed a case where an Arizona state prisoner petitioned for writ of habeas corpus. *Id.* at 1310. Arizona, like South Carolina, requires "claims of ineffective assistance at trial to be reserved for state collateral proceedings." *Id.* at 1314. Martinez's attorney in his state collateral proceeding filed a notice for PCR, however, she later filed a statement "asserting she could find no colorable claims at all." *Id.* Ultimately, Martinez's PCR action was dismissed. *Id.* Later, with the assistance of new PCR counsel, Martinez filed a second notice for PCR where he raised several ineffective-assistance-of-trial-counsel claims. *Id.* However, the Arizona trial and appellate courts denied Martinez relief because he failed to raise his second PCR claims in the first PCR. *Id.* In his district court habeas petition, Martinez raised his ineffective-assistance-of-trial-counsel claims. *Id.* There, he argued that he should overcome any procedural hurdles related to these claims because his first PCR counsel was ineffective in failing to raise any claims in the first PCR action. *Id.* at 1314-15.

The Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. In its analysis, the *Martinez* Court recognized that *Coleman v. Thompson*, 501 U.S. 722, 754 (1991) held:

> [A]n attorney's errors during an appeal on direct review may provide cause to excuse a procedural default; for if the attorney appointed by the State to pursue the direct appeal is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims.

*Id.* at 1317. If a state requires a prisoner to raise ineffective assistance of trial counsel in a collateral proceeding, the *Martinez* Court determined a prisoner may establish cause for a default of an ineffective-assistance claim in the following two circumstances:

> [1] where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial [and 2] where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318.

The undersigned finds that Petitioner failed to raise Grounds Two, Three, and Four in his PCR application, App. 22-27, or in the Attachment to his PCR Application, App. 29-34. Additionally, the undersigned finds that the PCR court did not rule on any of these arguments in the Order of Dismissal. App. 90-96. Because Petitioner did not bring this issue to the PCR court's attention and because the PCR court did not rule on it, these Grounds are procedurally barred from federal habeas review. *See Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred). In some instances, the undersigned finds that *Martinez* would allow the court to excuse the default and address these grounds on the merits. However, to overcome the default, *Martinez* requires Petitioner to demonstrate that the underlying ineffective-assistance-of-counsel claim is substantial or has merit. 132 S. Ct. at 1318. Below the undersigned will consider the substance of these arguments.

a)     Subject Matter Jurisdiction

In both Grounds Two and Three, Petitioner maintains that the trial court lacked subject matter jurisdiction to accept his guilty plea. ECF No. 1 at 8-9. In Ground Two Petitioner argues

that subject matter jurisdiction may not be raised and may be waived at any time. *Id.* at 8. Petitioner further maintains that the court lacked subject matter jurisdiction to accept his guilty plea because the charge was never presented to the grand jury, and Petitioner never waived presentment of the charge to the grand jury. *Id.* In Ground Three, Petitioner maintains that "[his] plea was not a lesser included offense of the crime charged in the indictment, and the charge [he] pleaded guilty to was not charged by the grand jury." *Id.* at 9.

Petitioner's claim that the trial court lacked subject matter jurisdiction, is not cognizable on federal habeas review because jurisdiction is an issue of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal citation omitted) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Von Longmore v. South Carolina*, No. C.A. 9:05–CV–2112–MBS, 2006 WL 2827416, at *6 (D.S.C. Sept. 27, 2006) ("Petitioner is not entitled to federal habeas relief because the subject matter jurisdiction of a state trial court is a state law issue."), *denying certificate of appealability*, 218 F. App'x 284 (4th Cir. Feb. 23, 2007). Moreover, subject matter jurisdiction is the power of a court to hear a particular class of cases, and it has nothing to do with the indictment document. *See State v. Gentry*, 610 S.E.2d 494 (S.C. 2005); *see also Dove v. Gold Kist, Inc.*, 442 S.E.2d 598 (S.C. 1994). A petitioner may still challenge the subject matter jurisdiction of the trial court, and such a claim is one that may be raised at any time. *See Brown v. State*, 540 S.E.2d 846 (S.C. 2001), *overruled in part by Gentry*, 610 S.E.2d 494. However, "[c]ircuit courts obviously have subject matter jurisdiction to try criminal matters." *Gentry*, 610 S.E.2d at 499; *see also* S.C. Const. Art. V, § 11. Thus, Petitioner must present evidence that his case is of some class over which the circuit court does not have the authority to preside. The undersigned finds that Petitioner's convictions involved criminal charges in General Sessions Court. Thus, the circuit court, Petitioner's trial court, had subject matter jurisdiction.

To the extent Petitioner seeks to invoke *Martinez* to allege his PCR counsel was ineffective for failing to raise the trial court's lack of subject matter jurisdiction, the undersigned finds that Petitioner has failed to demonstrate the first requirement of the *Martinez* exception, "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." *Gray v. Pearson*, 526 F. App'x 331, 333 (4th Cir. 2013). Applying *Martinez* to the record, the undersigned finds that Petitioner has failed to show he is entitled to relief under this standard. Petitioner cannot demonstrate a substantial claim of ineffective assistance of plea counsel on Grounds Two and Three. Therefore, the undersigned finds Grounds Two and Three are meritless and recommends granting Respondent summary judgment on these grounds.

b)     Ineffective Assistance of Counsel

In Ground Four, Petitioner argues that trial counsel was ineffective in failing to move to suppress illegal electronic surveillance evidence. ECF No. 1 at 11. Additionally, Petitioner maintains that the electronic surveillance evidence was tainted and "fruits of the poisonous tree, and there was no probable cause for the search incident." *Id.* The undersigned finds that Petitioner has failed to demonstrate that this argument is a substantial one as required under *Martinez* to warrant review on the merits. *See* 132 S. Ct. at 1318.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong

presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

To establish cause under *Martinez* for an ineffective assistance of counsel claim, Petitioner must demonstrate (1) that his PCR counsel was ineffective under *Strickland* and (2) that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one." *Martinez*, 132 S.Ct. at 1318. Therefore, Petitioner must show that PCR counsel's failure to raise this issue during PCR proceedings was "objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." *Sexton*, 679 F.3d at 1157; *see also Williams v. Taylor*, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) petitioner was prejudiced as a result).

Petitioner has not shown that his PCR counsel was ineffective under *Strickland* and that the underlying ineffective claim of trial counsel is substantially meritorious to overcome the default because he entered a guilty plea. A criminal defendant who pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Accordingly, Petitioner has failed to establish that his underlying claim of ineffective assistance of trial counsel was a substantial claim or that there was prejudice. As such, Petitioner has failed to prove that PCR counsel's representation fell below the standard of professional reasonableness in this regard. Thus, Petitioner has failed to meet the requirements of *Martinez* to show that his PCR counsel was ineffective. Accordingly, the undersigned recommends Ground Four be dismissed as procedurally barred.

### 1. Miscarriage of Justice Exception

Petitioner may overcome procedural defaults and have his claims addressed on the merits by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. *See Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602-03 (4th Cir. 1996). In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* (internal citation omitted). The court's review of the record does not support a showing of any cause and prejudice or actual innocence to excuse the default. Thus, his claims are procedurally barred from consideration by this court and

should be dismissed. The undersigned therefore recommends that Respondent's Motion for Summary Judgment be granted on Grounds Two, Three, and Four as articulated above.[3]

2.  Merits

a.  Ineffective Assistance of Counsel-Involuntary Guilty Plea

Petitioner contends that he was denied effective assistance of counsel because his plea counsel "fail[ed] to request that the incorrect prior conviction listed on Petitioner's rap sheet that was presented to the trial judge be stricken from the record because such a motion would have ensured that the misinformation would not have been considered as a factor by the trial judge at sentencing." ECF No. 1 at 6. Respondent argues that the PCR court, in denying and dismissing this claim, made reasonable factual findings and reasonably applied federal precedent. ECF No. 21 at 16. Specifically, Respondent maintains that plea counsel did not err because he objected to the State's recitation of Petitioner's prior record, and Petitioner suffered no prejudice from any alleged error because "though Petitioner was facing a mandatory life sentence had he been convicted of the offenses he was originally charged with, plea counsel was able to negotiate for Petitioner to plead to a lesser offense, to have two of his distribution charges *nolle prossed*, and to be sentenced to only twenty (20) years." *Id.* at 19

On this issue, the PCR court found the solicitor's misstatement that Petitioner had a prior drug charge from 2004 "was brought to the [plea] Court's attention immediately by plea counsel on the record." App. 93. Additionally, the PCR court found the misstatement did not affect Petitioner's guilty plea because Petitioner "testified at the PCR that he did in fact have a prior conviction for distribution of crack within proximity of a school or park in 2000, as well as a

---

[3] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of the two waiver Grounds discussed above.

possession of marijuana with intent to distribute charge from 2005." *Id.* Further, the PCR court found that Petitioner "testified that as part of the plea negotiations in this case, the solicitor agreed to *nolle prosse* two (2) pending drug distribution charges." *Id.* The PCR court held that Petitioner's allegation about "improper use of prior convictions for enhancement purposes" meritless based on these facts. *Id.*

A review of the plea transcript indicates that after the solicitor recited Petitioner's prior record to the court, which included a 2005 possession with intent to distribute conviction, plea counsel responded: "[Petitioner] contends that he was in prison in 2005. So, there must be some sort of mistake as far as his record of prior possession with intent to distribute in 2005. . . ." App. 17. Further, the plea court explained to Petitioner "you've already got one serious strike. This is two strikes. If you become involved with a similar type of activity or any type of crime that classified as serious to most serious that's three strikes." App. 7.

During the PCR hearing, Petitioner testified that he had a 2005 *possession* of marijuana charge, but he was never convicted of a *distribution* charge in 2005. App. 61 (emphasis added). On cross-examination, Petitioner agreed that he had four drug distribution charges—"one prior distribution charge in 2000, plus the one [he] pled to, plus two that were nolle possed." *Id.* Petitioner further agreed that "three of those charges would [have] subject[ed] [him] to life without parole." App. 62.

A review of the record indicates that plea counsel objected to the alleged incorrect distribution charge during the plea colloquy. App. 17. Additionally, based on the sentence imposed by the plea court, Petitioner was not prejudiced by any alleged misstatement by the solicitor. Therefore, the undersigned finds that Petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim, or that the PCR

court made objectively unreasonable factual findings. A review of the guilty plea transcript and the testimony at the PCR hearing reveals that the PCR court's denial was fully supported by the record and was reasonable and therefore, it is entitled to deference here. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground One.

IV.    Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 20, be GRANTED and the habeas Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


October 20, 2015                                    Kaymani D. West
Florence, South Carolina                    United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**